**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**SEP 2 1999**

**PATRICK FISHER**
**Clerk**

GEORGE WRIGHT SMITH,

    Petitioner - Appellant,

    v.

BOBBY BOONE, Warden,

    Respondent - Appellee.

No. 99-6041
(D. Ct. No. CIV-97-1906-T)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner George W. Smith , an Oklahoma state prisoner proceeding pro se, appeals from the district court's order denying his petition for a writ of habeas corpus, filed in accordance with 28 U.S.C. § 2254. Mr. Smith requests a

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

certificate of appealability, which we deny.

On April 11, 1975, an Oklahoma jury convicted Mr. Smith of robbery with a firearm and first degree rape. He was sentenced to consecutive sentences of seventy-five and fifty years imprisonment, respectively. Petitioner unsuccessfully appealed his conviction. On January 9, 1997, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma, raising, at most, four claims: (1) that his good time credits were improperly calculated; (2) that his dismissal from an Oklahoma State Industries job violated his due process rights; (3) that his sentences should run concurrently, rather than consecutively; and (4) that the trial court used an incorrect judgement and sentence form. The Northern District of Oklahoma subsequently transferred the petition to the Western District in November of 1997. There, the district court referred the matter to a magistrate judge, who recommended denying Mr. Smith's habeas petition on the merits. On December 23, 1998, the district court concurred with the magistrate's Report and Recommendation and denied Mr. Wright's habeas petition. On appeal, petitioner challenges the jurisdiction of the district court to rule on his habeas petition. Specifically, he argues that because he is challenging the administration of his sentence rather than his convictions, jurisdiction lies in the Eastern District of Oklahoma, where he is incarcerated. Because this matter is before us on

petitioner's request for a certificate of appealability, we review his claims to determine whether he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

Under 28 U.S.C. § 2241(d), both the Eastern District of Oklahoma, where petitioner is incarcerated, and the Western District of Oklahoma, where he was convicted, have jurisdiction to hear petitioner's claim. 28 U.S.C. § 2241(d) states:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him *and each of such district courts shall have concurrent jurisdiction to entertain the application*.

Even assuming that petitioner correctly characterizes his claims as involving only the administration of his sentence, we fail to see how that fact makes any difference. When a case properly fits within the express boundaries of this statute, as this case does, the district in which petitioner is incarcerated and the district in which he was convicted and sentenced have concurrent jurisdiction regardless of whether petitioner challenges his conviction or the administration of his sentence. Cf. Story v. Collins, 920 F.2d 1247, 1251 (5th Cir. 1991) (holding under 28 U.S.C. § 2241(d) and § 2254 that the federal court in the district of the state conviction has concurrent jurisdiction with the district of incarceration to

- 3 -

entertain petitioner's claim regarding administrative good time credits). Thus, we hold that the Western District of Oklahoma had jurisdiction to entertain Mr. Smith's petition for a writ of habeas corpus.

Moreover, we have reviewed Defendant's application for a certificate of appealability, his brief, the district court's orders, the magistrate judge's Report and Recommendation, and the entire record before us. We conclude that Petitioner's remaining claims have no merit for substantially the same reasons set forth in the magistrate judge's Report and Recommendation adopted by the district judge. Because Petitioner has not made a substantial showing of the denial of a constitutional right, we DENY his request for a certificate of appealability and DISMISS this appeal.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge